FILED

OCT 21 2026

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | 4:26CR00510- ZMB PLC |
| | ) | |
| MARIO KIRKHAM, | ) | |
| | ) | |
| Defendant. | ) | |

**INDICTMENT**

The Grand Jury charges:

**COUNT 1**
**(18 U.S.C. § 1029(a)(5): Access Device Fraud)**

Beginning at least as early as February 17, 2023, in the Eastern District of Missouri, the defendant,

**MARIO KIRKHAM,**

knowingly and with intent to defraud, effected transactions with an access device issued to another person, to wit, an American Express (AMEX) credit card ending in #4006, to receive merchandise, in the one-year period from February 1, 2023, until March 1, 2024, of an aggregate value of $1,000 or more, said conduct affecting interstate and foreign commerce, in that the defendant obtained the merchandise from retailers engaged in such commerce.

All in violation of Title 18, United States Code, Section 1029(a)(5) and (c)(1)(A)(ii).

**COUNT 2**
**(18 U.S.C. § 1029(a)(5): Access Device Fraud)**

Beginning at least as early as May 23, 2023, in the Eastern District of Missouri, the defendant,

**MARIO KIRKHAM,**

knowingly and with intent to defraud, effected transactions with an access device issued to another person, to wit, Bank of America Business Advantage card ending in #2731, to receive merchandise, in the one-year period from May 1, 2023, until June 1, 2024, of an aggregate value of $1,000 or more, said conduct affecting interstate and foreign commerce, in that the defendant obtained the merchandise from retailers engaged in such commerce.

All in violation of Title 18, United States Code, Section 1029(a)(5) and (c)(1)(A)(ii).

## COUNT 3
## (18 U.S.C. § 1029(a)(3): Access Device Fraud)

On or about June 18, 2023, in the Eastern District of Missouri and elsewhere, the defendant,

**MARIO KIRKHAM,**

knowingly and with intent to defraud, possessed fifteen or more devices which are unauthorized access devices, to wit: stolen credit card numbers, said possession affecting interstate and foreign commerce, in that the defendant obtained the merchandise from retailers engaged in such commerce.

All in violation of Title 18, United States Code, Section 1029(a)(3) and (c)(1)(a)(i).

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 18, United States Code, Sections 981(a) and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 18, United States Code, Section 1029(a)(5), and as set forth in Counts 1 and 2 and Title 18, United States Code, Section 1029(a)(3), as set forth in Count 3, the defendant shall forfeit to the United States of America any property, real or personal, constituting or derived from any proceeds traceable to said offense.

Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to said offense.

2. If any of the property described above, as a result of any act or omission of the defendant(s):

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

____________________________
FOREPERSON

THOMAS C. ALBUS
United States Attorney

____________________________
JOLENE TAAFFE #56946MO
Special Assistant United States Attorney